IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD B. BROOKS,

    Petitioner,　　　　　　　　　　　　No. 12-cv-0995 CKD P

    vs.

V. SINGH,　　　　　　　　　　　　　　　ORDER

    Respondent.
_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the April 1, 2010 finding by the California Board of Parole Hearings ("Board") that petitioner was unsuitable for parole.  (Dkt. No. 1 ("Ptn.") at 4.)  Petitioner has consented to this court's jurisdiction.  (Dkt. No. 4.)

    Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court.  For the reasons set forth below, the court will dismiss the petition for failing to state a federal habeas claim.

I. Request to Proceed In Forma Pauperis

    Petitioner requests permission to proceed in forma pauperis.  Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of

1

suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. Screening

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d).")[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

Petitioner asserts that the Board's April 2010 decision to deny parole was not supported by "some evidence" in violation of his constitutional right to due process. (Ptn.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

\\\\\

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 119 (2007).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011), the Supreme Court reviewed two cases in which California prisoners were denied parole – in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The

1  Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal
2  procedural requirements and "reviewed the state courts' decisions on the merits and concluded
3  that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct.
4  at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard
5  to parole decisions by the California courts as a component of the federal due process standard.
6  Id. at 862-63.

7  Here, it appears from the record that petitioner was heard at the April 2010
8  hearing and received a statement of reasons why the Board panel decided to deny him parole for
9  three years. (Ptn. at 19-30 (state court's summary of Board hearing and decision).) Petitioner
10 thus received all the process due him under the Constitution. Swarthout, 131 S. Ct. 862. His due
11 process claim must be dismissed.

12  Accordingly, IT IS HEREBY ORDERED that:
13  1. Petitioner's application to proceed in forma pauperis is granted; and
14  2. The petition (Dkt. No. 1) is summarily dismissed pursuant to Rule 4.

Dated: July 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
broo0995.parole 'some evid' scrn